UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNELL SIMMONS,

    Plaintiff,

v.

CITY OF TRENTON, TRENTON
POLICE CHIEF, and TRENTON POLICE
DEPARTMENT,

    Defendants.

_____/

Case No. 2:20-cv-12355
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS (ECF No. 26) AND AWARD DEFENDANTS'
REASONABLE ATTORNEY FEES AND COSTS[1]**

I. Introduction

This is a civil rights case. Plaintiff Ronnell Simmons is suing Defendants the City of Trenton, the Trenton Police Chief, and the Trenton Police Department[2] claiming a violation of his constitutional rights stemming from a May 1, 2020 incident at the United States/Canadian border where authorities seized over

---

[1] Upon review of the papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Simmons also sued the State of Michigan and the United States Border Patrol. The Court issued an order to show cause for failure to prosecute. (ECF No. 6). Simmons did not respond to the show cause order and the Court subsequently dismissed these defendants. (ECF No. 8).

1

$47,000 in cash from him.[3] Defendants now move for dismissal as a Rule 37 sanction based on Simmons' failure to comply with a prior discovery order, and also based on unanswered Requests for Admission. (ECF No. 26). The motion was referred to the undersigned under 28 U.S.C. § 636(b)(1)(A). (ECF No. 30). Simmons has not responded to the motion and the time for doing so has passed. For the reasons stated below, the undersigned RECOMMENDS that Defendants' motion to dismiss be GRANTED and that Defendants be awarded reasonable attorney fees and costs.

## II. Background

As outlined in Defendants' motion, Simmons was required to serve initial disclosures to Defendants on April 30, 2021 and failed to do so. (ECF No. 26, PageID.222). To date, Simmons has not provided any initial disclosures. (*Id.*). Further, Simmons has failed to respond to any of Defendants' discovery requests, including interrogatories, requests for production, and requests to admit. (*Id.*).

As a result of Simmons' failure to respond, Defendants filed a motion to compel (ECF No. 14) which was referred to the undersigned.[4] In response to the

---

[3] Simmons originally filed suit in the Northern District of Ohio. Defendants filed a motion to transfer venue, to which Simmons did not respond. The district court in the Northern District of Ohio granted Defendants' motion. *See* ECF No. 13, Page ID.147-149.

[4] Defendants alternatively moved to dismiss for failure to provide discovery, which the Court denied at that time. (ECF Nos. 14, 21).

motion to compel and at the hearing, Simmons argued that being required to respond to discovery violated his Fifth Amendment right against self-incrimination, which he should not have to forgo in order to assert a claim to his seized property. (ECF No. 18). The undersigned rejected this argument, granted Defendants' motion, directed Simmons to provide the requested discovery within 14 days, and assessed attorney fees and costs to Simmons' counsel. (ECF No. 21, PageID.187-188). Simmons was also cautioned that failure to timely and appropriately respond would result in Defendants' Requests for Admissions being deemed admitted, and might also result in a recommendation that the case be dismissed for failure to comply with discovery under Rule 37(b)(2)(A). (*Id.*).

On September 2, 2021, Defendants filed the instant motion to dismiss, stating that over 14 days had passed since the Court's order and that the requests to admit, interrogatories, and requests for production still remain unanswered. (ECF No. 26, PageID.223; *see also* ECF No. 26-12 (correspondence seeking concurrence in motion to dismiss and noting Simmons' failure to comply with court order)). As stated above, Simmons has not responded to Defendants' motion.

### III.  Legal Standard

Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, "a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th

Cir. 1995). Courts consider four factors when determining whether dismissal is appropriate under Rule 37(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.*

## IV. Analysis

### A. Simmons' Failure to Respond

As noted above, in addition to failing to respond to any discovery requests from Defendants, even in the face of a court order to do so, Simmons has also failed to respond to Defendants' motion to dismiss. Under the Federal Rules of Civil Procedure, a court is empowered to dismiss a plaintiff's action with prejudice "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). *See also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The power is necessary "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

4

of the District Courts." *Id.* It further serves to avoid "unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

The law in this Circuit is not clear on whether a failure to respond to a motion to dismiss alone constitutes a sufficient ground for granting the motion. In *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (internal citations and quotations omitted).

Here, the undersigned finds that Simmons' failure to respond to the motion to dismiss, combined with his unresponsiveness to discovery and the court's order to provide it, could be considered a failure to prosecute and provide independent

5

cause for dismissal. However, the undersigned will consider Defendants' arguments in favor of dismissal below.

## B. Dismissal Under Rules 36 and 37

Rule 37(b)(2)(A)(v) states that if a party fails to obey an order to provide or permit discovery the court where the action is pending may issue an order "dismissing the action or proceeding in whole or in part." Rule 36 provides that a party may serve a written request to admit to another party, and that the effect of not responding to such a submission within the time allotted results in the matter being admitted.

There is no question that Simmons has failed to comply with the Court's Scheduling Order, (ECF No. 12), the Federal Rules of Civil Procedure governing responses to Defendants' discovery requests, and the Court's August 17, 2021 order requiring Simmons to respond to those requests (ECF No. 21). Under the first prong in *United States v. Reyes*, the undersigned finds that Simmons' offending conduct is due to "willfulness, bad faith, or fault." Simmons has made clear that he believes providing discovery answers is unwarranted, and has reiterated this belief in a filing unrelated to this motion. (ECF No. 28). However, instead of objecting to the court order requiring discovery, or claiming his asserted privileges in discovery responses as would be proper under the Rules, Simmons has simply failed to produce the responses as required by the Court. Furthermore,

6

Simmons has not filed a response to Defendants' motion in which he might demonstrate excusable neglect or delay. The undersigned can only infer that Simmons' failure to abide by the Rules and court orders is purposeful.

As to the second prong, Defendants are clearly prejudiced by Simmons' continued lack of responses to discovery, without which it is impossible for them to defend against his claims. Defendants have unfairly put time and resources into this action, which was brought by Simmons, and which he refuses to prosecute. Under the third prong, Simmons was clearly warned that failure to respond could result in dismissal under Rule 37(b), (ECF No. 21), and for the fourth, less drastic sanctions have already been imposed. The Court has already extended the deadlines for Simmons' discovery responses and awarded monetary sanctions. (*Id*.). The undersigned has considered whether a lesser sanction would suffice here, but having already denied a motion to dismiss on these grounds, finds that doing so a second time would only delay the inevitable. Thus, dismissal is appropriate under Rule 37(b).

Defendants are also correct that dismissal is warranted under Rule 36. Simmons' failure to respond to Defendants' requests for admissions under this Rule by the deadline set by the Court results in those matters being admitted. Fed. R. Civ. P. 36(a)(3). Among those matters admitted is that no City of Trenton Police Officer was present on the Ambassador Bridge at the time of Simmons'

allegations or searched his person or vehicle. (ECF No. 26-9). This directly contradicts the factual basis of the complaint and renders all of Simmons' claims untenable, i.e. he fails to state claims upon which relief can be granted.

### C. Attorney Fees and Costs

Finally, Defendants request attorney fees and costs for having to bring this motion. Defendants request payment under Rule 37(a)(5)(A), which states: "If the motion is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." This rule, however, applies only to motions made under Rule 37(a), such as a motion to compel. Thus, attorney fees and costs cannot be awarded under this section.

Rule 37(d), on the other hand, provides for sanctions where a party fails to serve its answers, objections, or a written response to interrogatories, stating that "Instead of or in addition to [the sanctions provided for under Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, the undersigned believes that Defendants are entitled to the reasonable attorney fees and costs incurred in connection with researching and drafting this motion. As before, the award would be against Plaintiff's counsel, not Plaintiff, because there is no indication that the failure to respond was result of Plaintiff's conduct. Thus, the undersigned recommends that the Court award Defendants reasonable attorney fees and costs.

## V.  Conclusion

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Defendants' motion to dismiss be GRANTED, that Simmons' claims be DISMISSED, and that Defendants be awarded reasonable attorney fees and costs.

Dated: October 25, 2021                        s/Kimberly G. Altman
Detroit, Michigan                             KIMBERLY G. ALTMAN
                                                         United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2021.

                                              s/Marie E. Verlinde
                                              MARIE E. VERLINDE
                                              Case Manager