UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNELL SIMMONS,

      Plaintiff,

                                                       Case No. 20-12355
v.                                                      Honorable Linda V. Parker

STATE OF MICHIGAN,
CITY OF TRENTON, TRENTON
POLICE CHIEF, TRENTON POLICE
DEPARTMENT, U.S. BORDER
PATROL, and JOHN DOES I-VI

      Defendants.
_____/

**OPINION AND ORDER (i) REJECTING PLAINTIFF'S OBJECTIONS; (ii) ADOPTING MAGISTRATE JUDGE'S OCTOBER 25, 2021 REPORT AND RECOMMENDATION; (iii) GRANTING MOTION TO DISMISS AND AWARDING REASONABLE ATTORNEY FEES AND COSTS; (iv) DENYING AS MOOT MOTION TO EXTEND; AND (v) SUA SPONTE DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST JOHN DOE DEFENDANTS**

      Plaintiff initiated this civil rights lawsuit against Defendants, seeking to recover $47,000 in cash that was seized from Plaintiff at the United States and Canadian border. The Court previously dismissed Plaintiff's claims against the State of Michigan and United States Border Patrol. (ECF No. 8.) The City of Trenton, Trenton Police Chief, and Trenton Police Department (hereafter "Defendants") filed a motion to dismiss on September 2, 2021 (ECF No. 26), seeking dismissal as a sanction for Plaintiff's failure to respond to discovery requests and to comply with Magistrate Judge Kimberly G. Altman's order compelling Plaintiff to respond to discovery (ECF No. 21). Defendants

1

also filed a motion on September 23, 2021, seeking to extend the discovery deadline due to Plaintiff's lack of participation in the process. (ECF No. 29.) This Court referred Defendants' motion to dismiss to Magistrate Judge Altman for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 30.)

On October 25, 2021, Magistrate Judge Altman issued a report and recommendation (R&R) recommending that the Court grant the motion to dismiss and award reasonable attorney fees and costs to Defendant and against Plaintiff's counsel in connection with researching and drafting the motion. (ECF No. 31.) Magistrate Judge Altman concludes that dismissal is appropriate under Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to cooperate in discovery and respond to the pending motion to dismiss, as well as Federal Rule of Civil Procedure 37(b) due to Plaintiff's unwillingness to participate in discovery. At the conclusion of the R&R, Magistrate Judge Altman informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at Pg ID 389-90.) She further warns the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id*. at Pg ID 389 (citations omitted).) Plaintiff filed objections on November 8, 2021 (ECF No. 33), to which Defendants responded (ECF No. 34).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report

2

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff begins his objections by contesting the finding that he failed to respond to the motion to dismiss. Plaintiff maintains that he filed a response to the motion on September 20, 2021. However, the document to which Plaintiff cites and which he attaches as a copy to his objections is titled "Response to Court's Order Dated 9/8/21"—that being, Magistrate Judge Altman's decision awarding sanctions to Defendants based on Plaintiff's failure to respond to their discovery requests. (*See* ECF No. 27.)

However, even if the filing was intended to be a response to the motion to dismiss, it did not undermine Defendants' assertions that Plaintiff failed to answer their discovery requests and failed to comply with Magistrate Judge Altman's order compelling Plaintiff to respond. Nor did Plaintiff articulate a valid reason for

failing to participate in discovery.  As noted in the magistrate judge's R&R, Plaintiff should have asserted his claimed privileges in discovery responses.  In his objections, Plaintiff does not present a persuasive argument for why he is excused from responding to discovery either.

The Court therefore rejects Plaintiff's objections and adopts the recommendations in Magistrate Judge Altman's R&R.  Accordingly, the Court is granting Defendants' motion to dismiss (ECF No. 31).  The Court also finds an award of reasonable attorney fees and costs to Defendants and against Plaintiff's counsel appropriate under Rule 37(d).  Defendants' motion to extend discovery (ECF No. 29) is moot.

The Court also is sua sponte dismissing without prejudice Plaintiff's claims against John Does I-VI.  "Courts generally permit the use of fictitious names when the only way a plaintiff can obtain the name of a defendant who has harmed him is through the discovery process in a case filed against that defendant as an unnamed party."  *Plant v. Various John Does*, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998) (citing *Rodriguez v. City of Passaic*, 730 F. Supp. 1314, 1319 n.7 (D.N.J. 1990)).  Nevertheless, a plaintiff bringing a claim against John Does defendants must make a reasonably diligent search to ascertain their identities.  *See Figueroa v. Rivera*, 147 F.3d 77, 82-83 (1st Cir. 1998) (dismissing the plaintiff's claims against "John Doe" defendants under Federal Rule of Civil Procedure 4(m) where "[i]n the

seventeen months that elapsed between the filing of the complaint and the entry of judgment, the record disclose[d] no attempt by the [plaintiff] to identify or serve any of the anonymous defendants . . ."); *Plant*, 19 F. Supp. 2d at 1320; *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001).  This case has been pending for close to two years.[1]  (*See* ECF No. 1 at Pg ID 22.)  The discovery deadline expired on October 29, 2021.  Plaintiff does not appear to have engaged in efforts to identify the John Doe Defendants.  He certainly has not sought leave to amend the Complaint to name John Does I-VI.

Accordingly,

**IT IS ORDERED** that the motion to dismiss filed by the City of Trenton, Trenton Police Chief, and Trenton Police Department (ECF No. 26) is **GRANTED**;

**IT IS FURTHER ORDERED** that counsel for the City of Trenton, Trenton Police Chief, and Trenton Police Department shall submit time and expert records relative to their motion to dismiss within fourteen (14) days of this Opinion and Order.

---

[1] Plaintiff initiated this action on May 22, 2020 in the District Court for the Northern District of Ohio.  (*See* ECF No. 2 at Pg ID 22.)  On a motion to transfer venue, filed by the City of Trenton, Trenton Police Department, and Trenton Police Chief, it was transferred to the Eastern District of Michigan on August 28, 2020. (ECF No. 1.)

**IT IS FURTHER ORDERED** that the motion to extend filed by the City of Trenton, Trenton Police Chief, and Trenton Police Department (ECF No. 29) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against John Does I-VI are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: January 18, 2022